**James REESE, Petitioner,**

v.

**Fred R. DICKSON, Warden, California State Prison, San Quentin, California, Respondent.**

Misc. No. 720.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1958.

James Reese, in pro. per.
No appearance for respondent.

STEPHENS, Chief Judge.

James Reese is confined in a California State Penitentiary after conviction of seven felonies as stated in his petition to me as follows: "Petitioner was convicted in the Superior Court of the City and County of San Francisco, (California) April 19, 1956, on seven counts; two counts of murder, one count of assault with intent to commit murder, three of burglary, and one count of rape. The Superior Court imposed the death penalty on each of the two murders."

Petitioner is sentenced to be executed on the fourteenth day of February, 1958. He claims that he has exhausted his state remedies for relief and the record shows that he has unsuccessfully petitioned the United States District Court for relief through a proceeding for the issuance of the writ of habeas corpus. The District Court refused to issue a certificate of probable cause, and the day before yesterday (February 11, 1958) petitioner filed the instant petition with me praying for me to issue the certificate and to grant him the right to appeal in forma pauperis.

His petition in the main is little or nothing more than assertions of error at his trial which could only be raised in his behalf on direct appeal. He also accuses his attorney of fraud and alleges that his attorney was not effective in his defense and that he has been prejudiced by an illegal search and seizure. There is nothing before me that would justify me in finding that the District Court abused its discretion in denying the petition for the issuance of the certificate of probable cause. And I find nothing which would justify me in issuing the certificate upon petitioner's direct petition for such action.

 I find no support for the claim that petitioner has not been accorded due process.

Of course, the objective of our legal criminal procedure is the ascertainment of guilt or innocence, and the safeguards to such objective known as "due process" must be observed. Yet the objective re-

mains and should never change to a microscopic search for error upon a standard too strict to be understood or put in action only by technicians. It may be of some little significance and some, though small, comfort to those of us whose duty calls us to act in this regrettable business, that in petitioner's long and carefully self-prepared petition, there is not to be found a claim of innocence in addition to his formal plea of not guilty.

The petitions for the issuance of a certificate of probable cause and for the privilege of prosecuting an appeal in forma pauperis are denied.

Lumbard, J., dissented.